UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| PRIEN PROPERTIES, LLC | CIVIL ACTION NO.2:07-cv-0845 |
| VERSUS | JUDGE: MINALDI |
| ALLSTATE INSURANCE COMPANY | MAGISTRATE JUDGE: METHVIN |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF APPLICATION TO CONFIRM ARBITRATION AWARD AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

May It Please the Court:

In accordance with Local Civil Rule 7.4 of the Uniform Local Rules of the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana, plaintiff Prien Properties, LLC ("Prien Properties") submits this Memorandum in Support of its Motion to Confirm Arbitration Award and Motion for Partial Summary Judgment.

## I.
### List of Essential Legal Elements

1. An arbitration award is presumed valid. The burden is on the party attacking the award. *Montelepre v. Waring Architects*, 2000-0671 (La.App. 4Cir. 5/16/01), 787 So.2d 1127; *Al-Harbi v. Citibank, N.A.*, 85 F.3d 680 (D.C. Cir.1996), *cert. denied*, 519 U.S. 981, 117 S.Ct. 432, 136 L.Ed.2d 331 (1996).

2. Federal and state courts give preclusive effect to arbitration decisions. *Universal American Barge Corp. v. J-Chem., Inc.*, 946 F.2d 1131 (5th Cir.1992); *Tower Hill Trading Co., Ltd. v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 96-0463 (La.App. 4Cir.

1

1/22/97), 687 So.2d 1096; *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility*, 2003-0481 (La.App. 1Cir. 2/23/04), 872 So.2d 1147.

3. The arbitrator's award must address all of the arbitrable issues but otherwise need not follow a specific form. Reasons need not be part of the arbitration award. *Hill v. Cloud*, 29,391 (La.App. 2Cir. 1/25/95), 648 So.2d 1383; *Antiwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410 (5th Cir.1990).

4. The Federal Arbitration Act ("FAA") provides a procedure to confirm the award of the arbitrators. 9 U.S.C.A. § 9. To do so there must be an independent basis for subject matter jurisdiction over the claim. *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132 (2nd Cir.2002); *T&R Enterprises, Inc. v. Continental Grain Co.*, 613 F.2d 1272 (5th Cir.1980). Confirmation does not add to the preclusive effect of the award, except as to narrow the classes of issues that can be raised on a motion to vacate. *Hybert v. Shearson Lehman/American Express, Inc.*, 688 F.Supp. 320 (N.D. Ill.1988).

5. 9 U.S.C.A. § 9 provides:

> "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as

    prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court."

6.  A state court may also enter a judgment in conformity with the arbitration award. La. R.S. 9:4212 to 4214. The court must confirm the award unless a timely motion to vacate, modify, or correct the award is filed. *Commercial Renovations, Inc. v. Shoney's of Boutte, Inc.*, 2000-2319 (La.App. 4Cir. 10/10/01), 797 So.2d 183, *rehearind denied, writ denied*, 2001-3185 (La. 2/8/02), 808 So.2d 351.

7.  La. R.S. 9:4209 provides:

    "At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

8.  An arbitration award is *res judicata*. *Montelepre v. Waring Architects*, 2000-0671 (La.App. 4Cir. 5/16/01), 787 So.2d 1127; *Bergeron v. Gassen*, 185 So.2d 106 (La.App. 4Cir. 1966); *Livingston v. Shreveport-Texas League Baseball Corp.*, 128 F.Supp. 191 (W.D. La.1955); *U.S. v. Weiss Pollution Control Corp.*, 532 F.2d 1009 (5th Cir.1976).

9.  Plaintiff who seeks to have an arbitration award recognized and made the judgment of the district court is not required to first file a petition for an order directing that arbitration proceed in accordance with the terms of the parties' agreement. *North Cent. Utilities, Inc. v. East Columbia Water Dist.*, 449 So.2d 1186 (La.App. 2Cir. 1984).

10. An arbitration award is presumed valid. The burden is on the party attacking the award. *Montelepre v. Waring Architects*, 2000-0671 (La.App. 4Cir. 5/16/01), 787 So.2d 1127; *Al-Harbi v. Citibank, N.A.*, 85 F.3d 680 (D.C. Cir.1996), *cert. denied*, 519 U.S. 981, 117 S.ct. 432, 136 L.Ed.2d 331 (1996).

11. Federal and state courts give preclusive effect to arbitration decisions. *Universal American Barge Corp. v. J-Chem., Inc.*, 946 F.2d 1131 (5th Cir.1992); *Tower Hill Trading Co., Ltd. V. Howard, Weil, Labouisse, Friedrichs, Inc.*, 96-0463 (La.App. 4Cir. 1/22/97), 687 So.2d 1096; *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility*, 2003-0481 (La.App. 1Cir. 2/23/04), 872 So.2d 1147.

12. The arbitrator's award must address all of the arbitrable issues but otherwise need not follow a specific form. Reasons need not be part of the arbitration award. *Hill v. Cloud*, 26,391 (La.App. 2Cir. 1/25/95), 648 So.2d 1383; *Antiwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410 (5th Cir.1990).

13. Courts have a limited scope in reviewing arbitration awards. Generally, a court's review is limited to situations where there has been fraud or a denial of due process. See, *Major League Baseball Players Association v. Garvey*, 532 U.S. 504, 532 U.S. 1015, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001).

14. The FAA provides grounds for a federal court to vacate and modify an award. 9 U.S.C.A. §§ 10, 11, 12, 13, and 14. A federal court with independent subject matter jurisdiction over the claim may vacate an award when:

- The award is procured by corruption, fraud, or undue means. 9 U.S.C.A. § 10(a)(1); *Forsythe Intern., S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017 (5th

4

Cir.1990); Fraud must have induced agreement as to arbitration, not merely included agreement to contract as a whole. *Downer v. Seigel*, 489 F.3d 623 (5th Cir.2007).

- There is evident partiality or corruption of any arbitrator. 9 U.S.C.A. § 10(a)(2); Elizabeth Bailier Murill, *Vacating Arbitrator Awards for Bias Due to Non-Disclosed Relationships*, 53 La.Bar Journal No. 5, p. 372; *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968); *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306 (9th Cir.2004); *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 436 F.3d 495 (5th Cir.2006).

- The arbitrators have violated a party's due process rights. 9 U.S.C.A. § 10(a)(3); see, *Gingiss Intern., Inc. v. Bormet*, 58 F.3d 328 (7th Cir.1995); *Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas, Local 901*, 763 F.2d 34 (1st Cir.1985); *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649 (5th Cir.1979).

- The arbitrators have prejudiced a party through their misbehavior. 9 U.S.C.A. §10(a)(3).

- The arbitrators have executed their authority so imperfectly that a definite award is not made. 9 U.S.C.A. § 10(a)(4); *Brotherhood of R.R. Trainmen v. Central Georgia Ry. Co.*, 415 F.2d 403 (5th Cir.1969).

- The arbitrators have executed their authority so imperfectly that a definite award is not made. 9 U.S.C.A. § 10(a)(4); *Bell Aeorospace Co., Division of Textron, Inc. v. Local 516, Intern. Union, (UAW)*, 500 F.2d 921 (2nd Cir.1974).

- The arbitrators have exhibited manifest disregard for the law. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) (overruled by, *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377 (5th Cir.2004); *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211 (2nd Cir.1972) (distinguishing misinterpreting and ignoring law); *Berk-Cohen Associates, LLC v. Orkin Exterminating Co.*, 264 F.Supp.2d 448 (E.D. La.2003), *affirmed*, 91 Fed.Appx. 969 (5th Cir.2004); *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347 (5th Cir.2003).

15. When no dishonesty on the part of the arbitrator is alleged, even "silly" fact-finding and serious errors do not form grounds to vacate the award. *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 532 U.S. 1015, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001); *Gingiss Intern., Inc. v. Bormet*, 58 F.3d 328 (7th Cir.1995). Nor is insufficiency of evidence grounds to vacate. *Flexible Mfg. Systems Pty. Ltd. V. Super Products Corp.*, 86 F.3d 96 (7th Cir.1996).

16. A federal court can modify or correct an award when:

- There was an evident material miscalculation. 9 U.S.C.A. § 11(a); *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817 (5th Cir.1993).

- There was an undisputed mistake of fact. *Valentine SUrgars, Inc. v. Donau Corp.*, 981 F.2d 210 (5th Cir.1993), *cert. denied*, 509 U.S. 923, 113 S.Ct. 3039, 125 L.Ed.2d 725 (1993).

- The arbitrators' award addresses a matter not submitted to them, unless it is material to the merits of their decision. 9 U.S.C.A. § 11(b); *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314 (5th Cir.1994).

- The award is imperfect in a matter of form not affecting the merits. 9 U.S.C.A. § 11(c); *Atlantic Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276 (5th Cir.1994).

17. When the arbitrator's award is vacated the remedy is to remand for further arbitration. 9 U.S.C.A. § 10(b); *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 532 U.S. 1015, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001). A district court may remand an ambiguous award back to the arbitrators. *NCR Corp. v. Sac-Co., Inc.*, 43 F.3d 1076 (6th Cir.1995); *Lanier v. Old Republic Ins. Co.*, 936 F.Supp. 839 (M.D. Ala.1996).

18. Attorney's fees can be awarded in vacatur or confirmation proceedings when the challenge to the award is meritless. See, e.g. *B.L. Harbert International, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir.2006).

19. A motion to vacate, modify, or correct an award must be served on the adverse party within three months after the award. 9 U.S.C.A. § 12; *Olson v. Wexford Clearing Services, Corp.*, 397 F.3d 488 (7th Cir.2005).

20. The Fifth Circuit requires confirmation of an arbitration award if the parties agreed that the award would be "final and binding" even when the arbitration agreement does not specify that the judgment upon the award may be entered in court. *Place St. Charles v.*

*J.A. Jones Construction Co.*, 823 F.2d 120 (5th Cir.1987); *T&R Enterprises, Inc. v. Continental Grain Company*, 613 F.2d 1272 (5th Cir.1983); See also, *Booth v. Hume Pub., Inc.*, 902 F.2d 925 (11th Cir.1990); *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386 (7th Cir.1981); *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2nd Cir.1974).

21. When federal courts exercise diversity jurisdiction to decide claims for relief arising under state law, they must apply as the "rule of decision" the substantive law of the state in which they sit (except for matters governed by the federal Constitution or other federal law). *Erie v. Tompkins*, 304 U.S. 64, 78, 82 L.Ed. 1188, 1192, 58 S.Ct. 817, 822 (1938); 28 U.S.C.S. § 1652. In effect, federal courts exercising diversity jurisdiction are to act as another state trial court. "[T]he outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of litigation, as it would be in a State court." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 89 L.Ed. 2079, 65 S.Ct. 1464 (1945). The policies underlying the *Erie* doctrine include discouraging forum shopping and avoiding inequitable administration of the law, as well as respect for the constitutional division of powers between the federal government and the states. *Erie v. Tompkins*, 304 U.S. 64, 78, 82 L.Ed. 1188, 1192, 58 S.Ct. 817, 822 (1938).

22. Attorney's fees are generally awarded in a suit to require a party to abide by an arbitration award. See, *Hires Parts Service, Inc. v. NCR Corporation*, 859 F.Supp. 349 (N.D. Ind.1994).

23. The measure of damage is the cost of restoring the property to its former condition, where the thing damaged can be adequately repaired. *Coleman v. Victor*, 326 So.2d 334

(La.1976); *North American Land Development v. Higginbotham*, 33,863 (La.App. 2Cir. 11/3/00), 771 So.2d 245.

24. Louisiana and other courts have consistently required aesthetic repairs to an entire structure, even when only a portion of the structure was damaged. See, e.g. *North American Land Development v. Higginbotham*, 33,863 (La.App. 2Cir. 11/3/00), 771 So.2d 245 (entire house had to be rebricked so that brick would match); *Dolecki v. Nationwide Mutual Ins.*, 2005 WL 578648 (N.E.2d 2005 (Ohio App.)) (insurer required to pay for siding for entire house where "exact match" of damaged siding impossible); *Finance Security Corp. v. Alford*, 63 So.2d 872 (La.App. 1Cir. 1953) (entire car repainted to match color of old paint); *Cf. American National Property and Casualty Co. v. Shafaghi*, 2004 WL 2366807 (S.W.3d 2004) (all brick and siding replaced because appropriate matches could not be found).

25. Under F.R.C.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment

as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552 (1986). Summary judgment is appropriate upon the entire claim "or any part thereof." F.R.C.P. 56(a).

## II.
## Essential Facts

This case arises out of damage caused to Prien Properties commercial building by Hurricane Rita. Allstate insured the building against property damage. Allstate admits in its answer:

"3.

. . . except to admit that the Policy as defined herein covers property located at 710 West Prien Lake Road in Lake Charles, Louisiana.

4.

Allstate denies the allegations contained in Paragraph 4 of the Petition, except to admit that a Customizer Business Insurance Policy was issued by Allstate Insurance Company to Plaintiff, bearing Policy Number 049 619437 (the "Policy"), and to affirmatively aver that the Policy is the best evidence of its contents and, to the extent that any allegation or claim therein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegations and claims are denied.

5.

Allstate denies the allegations set forth in Paragraph 5 of the Petition, except to admit that Hurricane Rita struck certain portions of the state of Louisiana on or about September 24, 2005 and that Plaintiff's property sustained damage."

"13.

Allstate avers that the Policy is the best evidence of its contents, terms and conditions and pleads each and every term, condition, provision, limitation, exclusion and endorsement of the Policy in answer to the Petition."

The Allstate policy, contained the following clause:

"2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree on an umpire, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding with regard to the value of the property or the amount of the loss only.  However, if there is an appraisal, we still retain our rights under the policy to deny the claim.  Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally."

(Affidavit of Paul Bonin Exhibit A)

It is important to note that the arbitration clause provides that "A decision agreed to by any two will be **binding** with regard to the value of the property or the amount of the loss only."

Pursuant to that Section E2 of the Allstate policy, Allstate selected Alan Beasley as an appraiser, Prien Properties selected Peter J. Gostalya as an appraiser, and those appraisers selected Robert S. Dampf as the umpire.  The appraisers stated separately the value of the property and amount of the loss but failed to agree.  The appraisers submitted their differences to

11

the umpire. The decision of the umpire and one appraiser (Mr. Gostalya) established the value of the loss at $822,839.46, as evidenced by the Appraisal Award dated February 22, 2007.

The award was based on the determination by the arbitrator that the office building which was damaged in Hurricane Rita had to be entirely re-bricked because some of the existing brick had been damaged by the storm and the remainder of the brick aesthetically could not be matched. (See Affidavits of Robert S. Dampf and Peter J. Gostyla)

### III.
### Law and Argument

The general law regarding arbitration is set forth in detail in the List of Essential Legal Elements and, for sake of brevity, will not be repeated herein.

The issues presented are simple. The subject lawsuit involves two issues: (1) the amount of Prien Properties hurricane loss and (2) whether Allstate has a right to deny part or all of the claim. Allstate has asserted its alleged right to deny the claim in paragraphs 13, 15, 16 and 18 of its answer, among others.

The first issue - the amount of the loss - was decided by binding arbitration and is evidenced by the Appraisal Award dated February 22, 2007. It is now *res judicata*. *Livingston v. Shreveport-Texas League Baseball Corp.*, 128 F.Supp. 191 (W.D. La.1955); *U.S. v. Weiss Pollution Control Corp.*, 532 F.2d 1009 (5th Cir.1976); *Montelepre v. Waring Architects*, 2000-0671 (La.App. 4Cir. 5/16/01), 787 So.2d 1127; *Bergeron v. Gassen*, 185 So.2d 106 (La.App. 4Cir. 1966).

As detailed in the List of Essential Legal Elements, not only is Allstate precluded from objecting to the award because the period for doing so has passed, but none of the limited

grounds for a court to vacate an arbitration award are present here. The arbitrators addressed the "matching" issue and determined the entire building had to be rebricked, which is consistent with the Louisiana law on "matching" cited above. (See § I 24, above)

Whether the Allstate policy requires it to pay to rebrick a building when the brick cnnot be matched is a matter to be decided by the court at a later time. But the facts that:

(i) the brick could not be matched;

(ii) the entire building had to be rebricked for the purpose of aesthetic symmetry; and

(iii) the value of such damage/repair (as part of the other damages sustained)

have been determined by the arbitration procedure specified by Allstate in its policy.

Both the Federal Arbitration Act ("FAA") and the Louisiana Arbitration Law ("LAL") require confirmation of the award. The Fifth Circuit requires confirmation of an arbitration award if the parties agreed that the award would be "final and binding" even when the arbitration agreement does not specify that the judgment upon the award may be entered in court. *Place St. Charles v. J.A. Jones Construction Co.*, 823 F.2d 120 (5th Cir.1987); *T&R Enterprises, Inc. v. Continental Grain Company*, 613 F.2d 1272 (5th Cir.1983); See also, *Booth v. Hume Pub., Inc.*, 902 F.2d 925 (11th Cir.1990); *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386 (7th Cir.1981); *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2nd Cir.1974).

Even if the Fifth Circuit did not require confirmation under the procedure specified in Section 9 of the FAA, the *Erie* Doctrine would require the court to confirm the arbitration award pursuant to the LAL which does not require the parties to have agreed that the award would be entered in a particular court. (See, R.S. 9:4209)

Regardless of whether the arbitration award is confirmed, in that the award is *res judicata* under both federal and state law, partial summary judgment on this issue of the amount of the loss is appropriate.

## IV.
## Conclusion

The parties established one element of plaintiff's claim through binding arbitration, i.e. the amount of plaintiff's loss. Confirmation of the award and partial summary judgment on that issue is appropriate.

          Respectfully submitted,
          NORMAN BUSINESS LAW CENTER
          (A Law Corporation)


          _s/Merrick J. Norman_____
          Merrick J. Norman, #10044
          145 East Street
          Lake Charles, Louisiana 70601
          Telephone: 337/436-7787
          Facsimile: 337/436-7758

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February, 2008, a copy of the foregoing Plaintiff's Memorandum in Support of Application to Confirm Arbitration Award and Motion for Partial Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Richard W. Bane and Sarah R. Smith by operation of the court's electronic filing system.

    _s/Merrick J. Norman_____
    MERRICK J. NORMAN