RECEIVED
IN LAKE CHARLES, LA

APR 14 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PRIEN PROPERTIES, LLC | : | DOCKET NO. 07 CV 845 |
| VS. | : | JUDGE MINALDI |
| ALLSTATE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion to Confirm Arbitration Award and a Motion for Partial Summary Judgment, [doc. 20], filed by the plaintiff Prien Properties, LLC (hereinafter "Prien Properties"). The defendant, Allstate Insurance Company (hereinafter "Allstate"), filed an Opposition [doc. 26]. Prien Properties filed a Reply [doc. 28].

### FACTS

This suit arises out of damages Prien Properties sustained to a commercial property building as a result of Hurricane Rita.[1] Allstate insured the property against damage, and the Policy contains the following provision regarding appraisal:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree on an umpire, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding with regard to the value of the property or the amount of the loss only.[2]

---

[1] Compl. ¶¶ 3-4.

[2] Pl.'s Ex. A (Paul Bonin Aff.)

Prien Properties requested the appraisal process. Allstate selected Alan Beasley as its appraiser and Prien Properties selected Peter J. Gostalya as its appraiser.[3] Prien Properties hired Mr. Gostalya as the public adjuster to pursue its claims against Allstate prior to hiring Mr. Gostalya as its appraiser.[4] Prien Properties paid Mr. Gostalya a contingent fee pursuant to a Retainer Agreement.[5] Allstate was aware that Mr. Gostalya was the adjuster for Prien Properties before Prien Properties appointed Mr. Gostalya as its appraiser.[6]

The appraisers chose Robert S. Dampf as the umpire.[7] The Appraisal Award of February 22, 2007 states that Mr. Dampf and Mr. Gostalya established the value of loss at $822,839.46.[8] This amount included $315,105.82 for rebricking the building, and other items of repair.[9] Mr. Dampf and Mr. Gostalya determined that the office building had to be entirely re-bricked because some of the existing brick was damaged by Hurricane Rita and the remaining brick could not be aesthetically matched.[10]

---

[3] *Id.* The two appraisers failed to agree on the value of the property and the amount of the loss. *Id.*

[4] Def.'s Ex. A [doc. 27].

[5] *Id.*

[6] Allstate produced a copy of Mr. Gostalya's Retainer Agreement from its files appearing chronologically between documents dated December 12, 2005 and January 17, 2006. Pl.'s Ex. A [doc. 28] (Peter J. Gostalya Second Aff. ¶ 7). Mr. Gostalya was appointed appraiser on May 25, 2006 without objection from Allstate. *Id.* ¶¶ 8-9.

[7] *Id.*

[8] Pl.'s Ex. B [doc. 1].

[9] *Id.*

[10] Pl.'s Ex. C (Robert S. Dampf Aff.)

2

Allstate contends that additional amounts are sought only for cosmetic purposes and are excluded pursuant to the Policy.[11] Prien Properties agrees that the issue of whether rebricking is a covered loss under the Policy is an issue to be determined by this Court at another time.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

Prien Properties moves to confirm the Appraisal Award of February 22, 2007 establishing its loss as $822,839.56 via partial summary judgment. Prien Properties argues that there are two

---

[11] Def.'s Mem. in Opposition to Pl.'s Mot. for Partial Summary Judgment, at 3 [doc. 26].

issues in this lawsuit: 1.) the amount of the loss, and 2.) whether Allstate can deny coverage of part or all of the claim. Prien Properties argues that the amount of the loss was determined by "binding arbitration" and is thus "res judicata." Prien Properties argues that the Federal Arbitration Act (hereinafter "the FAA") and the Louisiana Arbitration Law (hereinafter "the LAL") require confirmation of the award, and thus this Court should grant partial summary judgment as to the amount of loss.

In Opposition, Allstate first argues that the appraisal process in the Policy is distinct from arbitration and does not come within the purview of either the FAA or the LAL. *See Girard v. Atlantic Mut. Ins. Co.*, 198 So.2d 444, 447 (La. App. 4 Cir. 1967) (noting that the "appraisal provisions work no divesture of a court's jurisdiction"). Moreover, the *Girard* court noted that appraisals are not to be confused with arbitration, because appraisers merely determine the cash value and extent of the insured's loss, while the court retains jurisdiction. *Id.* In Reply, Prien Properties argues that the appraisal award is binding under Louisiana law and the plain text of the Policy, which reads that "a decision agreed to by any two will be binding with regard to the value of the property or the amount of the loss only."

At the outset, this Court agrees with Allstate that the appraisal process does not fall under the requirements of either the FAA or the LAL because appraisal is separate and distinct from arbitration. Nonetheless, appraisal provisions in insurance contracts are enforceable. *Newman v. Lexington Ins. Co.*, 2007 WL 1063578, *2 (E.D. La. April 4, 2007) (noting that stipulations providing for an appraiser are clearly valid in Louisiana). The Policy states that "a decision agreed to by any two will be binding with regard to the value of the property or the amount of the loss only." Thus, provided that both parties fulfilled the contractual conditions of the Policy, the

appraisal award is binding.

Second, Allstate argues that disputes regarding coverage issues are not part of the appraisal process. Allstate points to the Policy's contractual language, which states that an award from the appraisal process shall determine the amount of actual cash value and loss, without referencing whether a claim is a covered loss under the policy. Prien Properties does not dispute Allstate's right to raise issues of coverage and does not move for summary judgment on coverage. Accordingly, this Court shall not address the scope of coverage in this Ruling, and finds that Allstate may raise the scope of coverage at a later point.

Third, Allstate argues that the appraisal process is not binding because Prien Properties failed to appoint a disinterested and/or impartial appraiser as required by the Policy. The Policy provides that if the parties disagree on the value of the property or the amount of the loss, each party will select a "competent and impartial appraiser." Allstate argues that Mr. Gostalya is not impartial and disinterested because he has a pecuniary interest in the outcome of the case, as he was also retained as the public adjuster under a contingency fee schedule in this matter prior to Prien Properties invoking the appraisal clause. *See* 46A C.J.S. *Insurance* § 1895. Thus, Allstate argues that Prien Properties failed to properly invoke the appraisal clause because Prien Properties did not select an impartial appraiser.

In Reply, Prien Properties argues that Allstate is estopped from arguing that Mr. Gostalya is partial. Prien Properties argues that Allstate knew before Prien Properties invoked the appraisal process that Mr. Gostalya was retained as Prien Properties' adjuster, and was paid a contingency fee pursuant to the Retainer Agreement. Prien Properties argues that because Allstate did not object at any point until its Opposition, Allstate is estopped from now protesting

Mr. Gostalya's appointment as appraiser.

Louisiana law articulates the appraisal procedure parties to an insurance contract may use if they are unable to agree on an amount of loss. LA. REV. STAT. ANN. § 22:691. The Policy's appraisal provision closely mirrors the procedure in LA. REV. STAT. ANN. § 22:691, which requires each party to select a "competent and disinterested appraiser." The parties did not cite any state or federal Louisiana case law discussing the impartiality of an adjuster who is later retained as that party's appraiser. This Court's independent research unveiled a Louisiana case where the plaintiff argued that the insurance company's appraiser was not disinterested because he had previously served as an appraiser in similar cases for the insurance company. *Dawes v. Continental Ins. Co. of City of New York*, 1 F. Supp. 603, 605 (D.C. La. 1932). The court rejected this argument because there was no evidence in the record that would indicate the adjuster had improper motives. *Id.* Although *Dawes* does not squarely address the issue before the Court, it does indicate that Louisiana law requires evidence to impugn the appraiser's honesty or integrity that transcends the existence of a prior business relationship.

This Court also found other state court decisions that directly address whether an adjuster can also serve as an independent appraiser under state statutory schemes providing for appraisal that are similar to Louisiana's appraisal scheme. In *Auto-Owners Ins. Co. v. Allied Adjusters & Appraisers, Inc.*, the Michigan intermediate appellate court addressed whether an appraiser can be disinterested if that appraiser served as a party's adjuster in the same matter. *See* 605 N.W.2d 685, 688-89 (Mich. App. 1999). The court found that "appraisers are not disqualified from their appointments on the basis of having previously served as adjusters" because "independent appraisers" may also feel biased toward the party who hired them. *Id.* at 689 (noting that both

6

parties agree on a neutral umpire to break any impasse). Furthermore, a Florida state intermediate appellate court found that the "independent appraiser" requirement did not prevent an appraiser from receiving compensation from a contingent fee so long as the appraiser fully disclosed the fee arrangement prior to the appraisal process. *Rios v. Tri-State Ins. Co.*, 714 So.2d 547, 549-50 (Fla. App. 3 Dist. 1998) (noting that the act of disclosure serves as a cure).

This Court is convinced, based upon *Dawes* and other courts' interpretation of similar appraisal procedures, that an appraiser may be disinterested even if the appraiser was also that party's adjuster in the same matter, so long as there is no evidence in the record to indicate improper motives. This Court finds no evidence of improper motives in this record. Moreover, the record indicates that Allstate was aware that Mr. Gostalya was Prien Properties' adjuster and had fully disclosed Mr. Gostalya's fee arrangement prior to appraisal; accordingly,

IT IS ORDERED that the Motion to Confirm Award and for Partial Summary Judgment, [doc. 20], is hereby GRANTED,

IT IS FURTHER ORDERED that this Court hereby confirms the appraisal award of February 22, 2007, and that Allstate retains the right to contest the scope of coverage with this Court.

Lake Charles, Louisiana, this 14 day of April, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE